UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALICE JEFFRIES,<br><br>                  Plaintiff,<br><br>          v.<br><br>CARLOTTA ADAMS, MARGARET<br>MACON, GERALD MITCHELL, GARRY<br>MITCHELL, and DOES 1-10<br><br>                  Defendants. | CAUSE NO.: 2:19-cv-329-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute and/or Failure to Comply with Court Orders [ECF No. 27]. Defendants' seek dismissal of Plaintiff's claims in accordance with Federal Rule of Civil Procedure 41(b). For the reasons listed below Defendants' Motion is granted.

**BACKGROUND**

As noted in the Court's previous Order [ECF No. 29]:

      On August 30, 2019, Plaintiff filed her pro se Complaint [ECF No. 1], raising claims against Defendants for conversion, fraud, and breach of contract. The Court notes that the Complaint lists Plaintiff's mailing address as PO Box 4, Pluckemin, NJ 07978, and her email address as alicefjeffries1@gmail.com. On October 3, 2019, Plaintiff filed an Amended Complaint [ECF No. 9], which was subsequently struck by the Court [ECF No. 11] four days later for failure to comply with Federal Rule of Civil Procedure 15. With the Amended Complaint, Plaintiff submitted a Change of Address [ECF No. 9-1] to the Court, listing a new mailing address of PO Box 4, Keansburg, NJ 07734. On November 11, 2019, Defendants filed their Answer [ECF No. 12].

      On November 12, 2019, the Court scheduled a Rule 16 conference for December 5, 2019 [ECF No. 13]. On December 5, 2019, Plaintiff failed to appear for the conference [ECF No. 17]. On December 10, 2019, the Court ordered [ECF No. 18] Plaintiff to appear on January 7, 2020, for a hearing to show cause why

1

>she should not be held in contempt for failing to appear at the December 5, 2019 Rule 16 conference. On January 7, 2020, Plaintiff failed to appear for the show cause hearing, despite court staff attempting to call her "at the telephone number provided to the Clerk's office" [ECF No. 21]. Nothing in the record, either in that minute entry or in the case caption, refers to the specific phone number court staff attempted to contact Plaintiff at on January 7, 2020. On February 3, 2020, the show cause order [ECF No. 18] that the Court had sent to Plaintiff at her updated address [ECF No. 9-1] was returned with the notations "unclaimed" and "unable to forward" [ECF Nos. 23, 24]. On February 14, 2020, the Court ordered [ECF No. 25] Plaintiff to file a response by March 2, 2020, explaining her failures to appear and correcting her contact information; the Court warned her that failure to comply may result in sanctions or dismissal of her case. On March 6, 2020, after Plaintiff did not respond by the deadline set out in the Court's previous Order, Defendants filed the instant Motion to Dismiss for Failure to Prosecute and/or Failure to Comply with Court Orders [ECF No. 27].

Apr. 27, 2020 Op. & Order at 1–2, ECF No. 29. On April 27, 2020, the Court issued the above-cited Opinion and Order, warning Plaintiff that the action could be dismissed and setting this matter for a telephonic status conference. *Id.* at 3. On April 29, Plaintiff filed a response [ECF No. 30] to Defendants' Motion to Dismiss: apologizing, arguing that Defendants' had not shown prejudice from the delays she caused, requesting that Defendants stipulate to mediation, and stating "Plaintiff has now provided the Court with a telephone number and physical address in which she can be contacted in compliance with the Court's order." Pl.'s Resp. at 2, ECF No. 30. It is unclear to the Court how or where Plaintiff has actually done so. Plaintiff also submitted a declaration [ECF No. 31] containing much of the same arguments and apologies.

On June 11, 2020, the Court held the Telephonic Status Conference (TSC) [ECF No. 38] scheduled in the Court's Opinion and Order [ECF No. 29] warning Plaintiff that "failure to fully comply with this Order may result in the dismissal of her lawsuit." Apr. 27, 2020 Op. & Order at 3. Plaintiff did not call in to participate in the TSC and did not pick up at either number when the Court attempted to call her at the scheduled time.

2

Prior to the TSC the Clerk of Court mailed Plaintiff a copy of the Order [ECF No. 29] setting the date and time, and that mail was not returned as undeliverable. After the TSC the Clerk of Court mailed Plaintiff the minute entry for the TSC to both addresses listed for her. That mail was returned as undeliverable [ECF No. 39] from one of the addresses on file for Plaintiff, but not from the other.

On July 14, Plaintiff filed a request to strike and a "reply" brief to the Motion to Dismiss [ECF No. 40]. This request contains numerous claims that Defendants have lied to the Court and have forged documents submitted into evidence. Pl.'s Reply at 2–5, ECF No. 40. Plaintiff has not submitted any evidence to support these claims. There is no citation to legal authority in either Plaintiff's Response [ECF No. 30] or Reply [ECF No. 40]. And, at least at this point, there is nothing in the record that would suggest that Plaintiff has taken steps to remedy her failure to appear at the Rule 16 conference.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure outlines the means by which courts may dismiss a case as a sanction against a party who fails to comply with a court order. Rule 41(b) allows a court to dismiss an action, upon motion, for failure of the plaintiff to prosecute or to comply with these rules or any order of the court. *Ball v. City of Chicago*, 2 F.3d 752, 753 (7th Cir. 1993). "Dismissal for want of prosecution is 'an extraordinarily harsh sanction that should be used only in extreme situations.'" *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin,* 514 F.3d 734, 736 (7th Cir. 2008)). "A district court may dismiss a suit for failure to prosecute when confronted with a 'clear record of delay or contumacious conduct.'" *Curtis-Joseph v. Richardson*, 417 F. App'x 570, 572 (7th Cir. 2011) (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds*).

3

The Seventh Circuit has suggested a number of relevant factors to the Court's decision to dismiss under Rule 41(b): "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo*, 656 F.3d at 561 (citing *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir.2003); *Ball*, 2 F.3d at 755 (7th Cir.1993)).

Egregious misconduct may be punished by dismissal even without a warning from the Court as a sanction for misconduct. *Bolt v. Loy,* 227 F.3d 854, 856 (7th Cir. 2000) (citing *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995); *In re Eisen*, 31 F.3d 1447, 1455 (9th Cir.1994)). The Seventh Circuit has stated previously that ordinary misconduct, as opposed to egregious misconduct "can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction in the circumstances," *Bolt*, 227 F.3d at 856, and the Court's warning must be explicit. *Ball*, 2 F.3d at 759–760. However, the Seventh Circuit has stated that the use of "must" in the *Ball* opinion "was not intended to lay down a rigid rule . . . [i]t was intended rather as a useful guideline to district judges . . . ." *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). The decision whether to warn litigants before dismissing a case is left to the discretion of the district court. *Id*.

## ANALYSIS

### A. Rule 41 Factors

The Court will begin by analyzing the Seventh Circuit's factors relevant to dismissal under Rule 41(b). The first factor is the frequency of the plaintiff's failure to comply with

deadlines. Here, as noted above, Plaintiff has failed to appear for conferences or hearings on: December 5, 2019, at the attempted Rule 16 conference [ECF No. 17]; January 7, 2020, for the show cause hearing where Plaintiff was to explain why she did not appear at the Rule 16 conference, despite court staff attempting to call her [ECF No. 21]; and June 11, 2020 for a TSC where Plaintiff would have yet another opportunity to explain her absences [ECF No. 38]. Further, on February 14, 2020, after Plaintiff failed to appear at the show-cause hearing, the Court ordered Plaintiff to file a response on or before March 2, 2020, explaining why she failed to appear at either hearing. February 14, 2020 Order at 1–2, ECF No. 25. Plaintiff failed to file anything by that deadline, and to date has not filed any response to the Court's Order [ECF No. 25]. This pattern of failing to appear or comply with the Court's orders weighs heavily in favor of granting Defendant's motion.

      The next factor is whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer. Here, Plaintiff is proceeding pro se, and so bears sole responsibility for her failures to appear and to comply with the Court's orders. Thus, the only available sanctions can be made against Plaintiff directly.

      Next is the effect of the mistakes on the judge's calendar. This is the least important factor. *Allen v. Interstate Brands Corp.*, 186 F.R.D. 512, 521–22 (S.D. Ind. 1999). Here, Plaintiff did not appear at either the Rule 16 conference [ECF No. 17], or the hearing scheduled for Plaintiff to show cause why she did not appear at the Rule 16 conference [ECF No. 21]. Plaintiff also did not appear at the TSC [ECF No. 38] the undersigned held to give Plaintiff yet another chance to explain her absences. These missed appearances took time away from both Magistrate Judge Kolar and the undersigned. Thus, the Court concludes that this factor favors dismissal.

Next is the prejudice that the delay caused to the defendant. Here, Defendants' Motion alleges prejudice [ECF No. 27 ¶ 16] but does not specify what exactly that prejudice is. However, the Court notes that "prejudice may be presumed from an unreasonable delay." *Citizens for Appropriate Rural Roads, Inc. v. LaHood*, No. 1:11-cv-01031, 2013 WL 5775070, *5 (S.D. Ind. Oct. 25, 2013) (quoting *Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984)); *Ball*, 2 F.3d at 759 ("A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued."). Further, Defendants' previously filed a Petition to Remove Real Estate from Lis Pendens Notice [ECF No. 22] alleging that Plaintiff filed a Lis Pendens Notice in the Circuit Court of LaPorte County [ECF No. 22-1], which has effectively clouded title on twenty six (26) properties either referred to in the instant lawsuit or allegedly purchased using funds fraudulently obtained from the properties referred to in the instant lawsuit. The Court, in its February 6, 2020 Order [ECF No. 26], denied Defendants' Motion [ECF No. 22] because the motion did not reference any authority that this Court had to order the county to remove the Lis Pendens Notice for the referenced properties. However, the attached Notice [ECF No. 22-1], which appears to have been submitted by Plaintiff, is evidence that Defendants, and the owners of the 22 properties not owned by Defendants, have been prejudiced by Plaintiff's continued delays in litigating this case. Thus, this factor also weighs in favor of dismissal.

Next is the question of the merit of the underlying suit. Defendants have filed an Answer [ECF No. 12] in this matter, rather than moving to dismiss Plaintiff's claim. As such, this consideration weighs slightly against the dismissal. Notably, other courts in this circuit have held that *Ball* cannot stand for the principle "that a district court must *decide* that a claim lacks merit before dismissing it for failure to prosecute" because it would render "the court's power to

6

dismiss as a sanction for misconduct . . . wholly illusory." *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, No. 00 C 2098, 2002 WL 215535, at *2 (N.D. Ill. Feb. 12, 2002). This Court agrees, as it cannot be the case that a plaintiff whose claim survives a motion to dismiss or a motion for summary judgment is free to continuously disregard the Court's orders. Indeed, "at some point attorney or party misconduct may rise to such a level that the probable merits become essentially irrelevant." *Id.* Therefore, the Court concludes that Defendants' choice to file an Answer rather than a motion to dismiss weighs slightly against, but does not preclude, dismissal of Plaintiff's claim.

Finally, the Court must consider "the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc.*, 325 F.3d at 908 (7th Cir. 2003). Unlike the instant case, *Ball v. City of Chicago* was a civil rights case. In *Ball*, the plaintiff "claim[ed] that [an] officer had violated his federal constitutional rights by using excessive force—namely by shooting him—when attempting to arrest him." 2 F.3d at 753. As a part of its analysis, the Seventh Circuit explained that one objective of a civil rights tort suit is deterring harmful behavior by attaching a financial sanction to it and that "[t]he deterrent objective [of a civil rights tort suit] is defeated if a suit is dismissed for failure to prosecute; the defendant walks away scot free even if he did in fact commit the tort for which the plaintiff is suing." *Id.* at 757. Based on this principle, the court expressed concern that "the district judge . . . may have allowed the City of Chicago to escape liability for a serious violation of constitutional rights." *Id.* at 758–59. The Court also explained that the compensatory element of a civil rights lawsuit, however, "is less severely impaired by dismissal for failure to prosecute, because the plaintiff can bring a suit for legal malpractice against the lawyer responsible for the dismissal." *Id.* at 757.

In contrast, this case is not a civil rights case; rather, Plaintiff seeks compensation regarding alleged conversion, fraud, and breach of contract. Although preventing fraud and enforcing contracts is undoubtedly important, it is not the type of objective the *Ball* court aimed to protect from dismissal for failure to prosecute. *See Ball*, 2 F.3d at 753; *compare LaHood*, 2013 WL 5775070, at *5 (finding that dismissal for failure to prosecute was inappropriate, in part, because Administrative Procedure Act claims, like civil rights suits, have social objectives that are impaired by dismissal for failure to prosecute), *with Smith v. Genesis Behavioral Health*, No. 12-CV-1060, 2014 WL 1329915, at *1, 4 (E.D. Wis. Mar. 31, 2014) (dismissing for failure to prosecute plaintiff's claims that he was "deprived of his right to access the courts and his right to intimate association" by a treatment center/halfway house, in part, because "there [did] not appear to be any violation of [plaintiff's] rights" and "[w]here there is no violation, no social policy . . . is undermined by dismissal"). Consequently, the Court concludes that this factor weighs in favor of dismissing Plaintiff's claim.

In short, the factors for consideration laid out by the Seventh Circuit Court of Appeals as a whole weigh heavily in favor of granting Defendants' Motion and dismissing this case.

**B. Warning**

There are however two other matters which merit discussion. Of these, the first matter is the warnings that the Court gave to Plaintiff. As noted above, "the judge should not dismiss a case [on the ground of failure to prosecute] without due warning to the plaintiff's counsel." *Ball*, 2 F.3d at 755. Here, the Court explicitly warned Plaintiff that dismissal for failure to comply with court orders and to appear at hearings could result in dismissal in three separate orders. *See* Dec. 12, 2019 Order at 1, ECF No. 18 ("The Court WARNS Plaintiff that failure to appear or to comply with this or any other Court order may result in sanctions, including the dismissal of her

case.); Feb. 14, 2020 Order at 1, ECF No. 25 ("The Court once again WARNS Plaintiff that failure to appear or to comply with this or any other Court order may result in sanctions, including the dismissal of her case.); Apr. 27, 2020 Op. & Order at 3 (setting the June 11, 2020, TSC and stating that the Court "WARNS Plaintiff that a failure to fully comply with this Order may result in the dismissal of her lawsuit"). Thus, the Court has fulfilled the requirement of explicitly warning the plaintiff that her suit might be dismissed multiple times.

### C. Plaintiff's Excuses

The final matter that merits discussion is Plaintiff's excuses for failing to appear or comply with Court orders. While considering Plaintiff's excuses, the Court takes into account Plaintiff's status as a pro se litigant. *See Kohilas v. City of Chicago*, 14 F. App'x 642, 643 (7th Cir. 2001) (noting that "we are aware of the unique circumstances facing pro se litigants and therefore construe their appellate briefs liberally"). Since the Court's Order [ECF No. 29] setting the latest TSC, Plaintiff has made five submissions to the Court [ECF Nos. 30–33, 40]. In them Plaintiff apologizes for missing some of the deadlines and offers the excuse that her husband is sick and she is his sole caretaker. Pl.'s Resp. at 2, Pl's Decl. at 2, ECF No. 31. The Court is sympathetic towards Plaintiff's circumstances. However, neither her circumstances nor her status as a pro se litigant excuse her from complying with court orders or appearing at court scheduled conferences or hearings. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are pro se must follow court rules and directives."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Additionally, as noted above, the Court explicitly warned Plaintiff on three separate occasions that her case could be dismissed for failing to comply with court orders and yet Plaintiff failed to appear or comply on multiple occasions.

Plaintiff also offers the excuse that she did not appear at hearings because she thought that either Defendant or the Court would call her. Pl.'s Resp. at 2, Pl's Decl. at 2, Pl.'s Second Resp. at 2, ECF No. 32. The Court finds this excuse unpersuasive for several reasons. First, in the Court's Order setting the Rule 16 conference [ECF No. 13] Plaintiff was instructed to appear in person. Her excuse demonstrates that not only did she disregard the Court's instruction to appear in person, she also was expecting that the Court would take affirmative action to effectuate her appearance by telephone when she had not requested to appear via telephone. This does not help her case. And second, at both the show cause hearing and the June 11, 2020 TSC, the Court *did* attempt to reach Plaintiff by telephone and she did not pick up [ECF Nos. 21, 37], including again after the Court had ordered Plaintiff to submit a phone number where she could be reached. *See* Feb. 14, 2020 Order.

Finally, Plaintiff seems convinced that this matter may be resolved through the Court ordering "early mediation" which may have contributed to her non-compliance with court orders. Pl.'s Resp. at 3, Pl's Decl. at 2, Pl.'s Second Resp. at 3, Pl.'s Reply at 5. Plaintiff has presented no authority requiring such mediation, much less before a Rule 16 conference, and may or may not realize that the Court is under no obligation to order mediation at any point. Further, the undersigned has a policy of not ordering mediation unless all parties consent, and Defendants have given no indication that they consent to mediation. Plaintiff's apparent reliance on mediation is not well-founded, and in any case would not have been a substitute for compliance with court orders.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss for Failure to Prosecute and/or Failure to Comply with Court Orders [ECF No. 27] and DISMISSES Plaintiff's claims with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED on September 10, 2020.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT